UNITED STATES DISTRICT COUR
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CLERK, U. S. DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
F I L E D
9/12/06
BY DEPUTY _____ MICHAEL N. MILBY, CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | §   Cr. No. H-06-235 |
| | § |
| DEANNA ELLEN DICK | § |

## PLEA AGREEMENT

The United States of America, by and through Donald J. DeGabrielle, Jr.,

United States Attorney for the Southern District of Texas, Charles J. Escher,

Assistant United States Attorney, and the defendant, Deanna Ellen Dick, and the

defendant's counsel, Michael Sandel, pursuant to Rule 11(c)(1)(A) and

11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have

entered into an agreement, the terms and conditions of which are as follows:

### The Defendant's Agreement

1.      The defendant agrees to plead guilty to Count 11 of the Indictment.

Count 11 charges defendant with knowingly presenting a false claim against the

United States in violation of Title 18, United States Code, Sections 287 and 2.

The defendant, by entering this plea, agrees that she is waiving any right to have

the facts that the law makes essential to the punishment either charged in the

indictment, proved to a jury, or proven beyond a reasonable doubt.

## Punishment Range

2.      The **statutory** maximum penalty for each violation of Title 18,

United States Code, Section 287, is imprisonment of not more than five years and

a fine of not more than $250,000.  Additionally,  the defendant may receive a term

of supervised release after imprisonment of up to three years.  Title 18, U.S.C. §§

3559(a)(3) and 3583(b)(2).  Defendant  acknowledges and understands that if she

should violate the conditions of any period of supervised release which may be

imposed as part of her sentence, then defendant may be imprisoned for the entire

term of supervised release up to two years, without credit for time already served

on the term of supervised release prior to such violation.   Title 18, U.S.C. §§

3559(a)(4) and 3583(e)(3).  Defendant understands that she cannot have the

imposition or execution of the sentence suspended, nor is she eligible for parole.

## Mandatory Special Assessment

3.      Pursuant to Title 18, U.S.C. § 3013(a)(2)(A), immediately after

sentencing, defendant will pay to the Clerk of the United States District Court  a

special assessment in the amount of one hundred dollars ($100.00) per count of

conviction.  The payment will be by cashier's check or money order  payable to

the Clerk of the United States District Court,  c/o District Clerk's Office, P.O. Box

61010,  Houston, Texas  77208, Attention: Finance.

## Fine and Reimbursement

4.     Defendant understands that under the U.S. Sentencing Guidelines, the Court is permitted to order the defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release;  if any is ordered.

5.     Defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately, and defendant will not attempt to avoid or delay payment.

6.     Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500) prior to sentencing if she is requested to do so.   In the event that the Court imposes a fine or orders the payment of restitution as part of the defendant's sentence, the defendant shall make complete financial disclosure by truthfully executing a sworn financial statement immediately following her sentencing.  Further, the defendant agrees to full restitution to all victims of her relevant conduct in this case regardless of the counts of conviction.

## Waiver of Appeal

7.     Defendant is aware that Title 18, U.S.C. § 3742 affords a defendant

the right to appeal the sentence imposed.  The defendant agrees to waive her right

to appeal the sentence imposed or the manner in which it was determined.  The

defendant may appeal <u>only</u> a sentence imposed above the statutory maximum.

Additionally, the defendant is aware that Title 28, U.S.C. § 2255,  affords the right

to contest or "collaterally attack" a conviction or sentence after the conviction or

sentence has become final.  The defendant waives the right to contest her

conviction or sentence by  means of any post-conviction proceeding.  Defendant

also waives her right to appeal her conviction.

If defendant instructs her attorney to file a notice of appeal of her sentence

or of her conviction, or if defendant instructs her attorney to file any other post-

conviction proceeding attacking her conviction or sentence, defendant understands

that the United States will seek specific performance of defendant's waivers in this

plea agreement of her rights to appeal her sentence or conviction and to file any

post-conviction proceedings attacking her conviction or sentence.

8.     In agreeing to the above waivers, defendant is aware that a sentence

has not yet been determined by the Court.  The defendant is also aware that any

estimate of the possible sentencing range under the sentencing guidelines that she

may have received from her counsel, from the United States, or from the U.S.

Probation Office, is a prediction, not a promise, **<u>did not induce her guilty plea</u>**,

and is not binding on the United States, on the U.S. Probation Office, or on the

Court. The United States does not make any promise or representation concerning

what sentence the defendant will receive. Defendant further understands and

agrees that the U. S. Sentencing Guidelines are "effectively advisory" to the Court.

*United States v. Booker*, 125 S.Ct. 738 (2005). Accordingly, defendant

understands that, although the Court must consult the U.S. Sentencing Guidelines

and must take them into account when sentencing defendant, the Court is not

bound to follow the U.S. Sentencing Guidelines nor to sentence defendant within

the calculated guideline range.

9.     Defendant understands and agrees that each and all waivers contained

in this plea agreement are made in exchange for the concessions made by the

United States in this plea agreement.

### The United States's Agreements

10.     The United States agrees  to each of the  following:

(a)     If defendant pleads guilty to Count 11 of the indictment and persists
        in that plea through sentencing, and if the Court accepts this plea
        agreement, the United States will move to dismiss all remaining
        counts of the indictment at the time of sentencing.

(b)     At the time of sentencing, the United States agrees not to oppose
        defendant's anticipated request to the Court and the United States
        Probation Office that she receive a  two (2) level downward
        adjustment pursuant to U.S.S.G. Section 3E1.1(a) should the

defendant accept responsibility as contemplated by the Sentencing Guidelines.

(c)     If the defendant qualifies for an adjustment under U.S.S.G. Section 3E1.1(a), the offense level determined prior to the operation of 3E1.1(a) is level 16 or greater, and the defendant has assisted authorities in the investigation or prosecution of her own misconduct by timely notifying authorities of her intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate resources efficiently, the United States agrees to request an additional one level downward adjustment.

(d)     The United States agrees not to oppose defendant's request that any sentence of imprisonment in this case run concurrently, from the day she was taken into federal custody in this case, with the sentence of imprisonment that defendant is presently serving from a conviction in a Texas state court.

### United States's Non-Waiver of Appeal

11.     The United States reserves the right to carry out its responsibilities

under guidelines sentencing.  Specifically, the United States reserves the right:

(a)     to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the U.S. Probation Office in connection with that office's preparation of a presentence report;

(b)     to set forth or dispute sentencing factors or facts material to sentencing;

(c)     to seek resolution of such factors or facts in conference with defendant's counsel and the U.S. Probation Office;

(d)     to file a pleading relating to these issues, in accordance with U.S.S.G.

Section 6A1.2 and Title 18, U.S.C.§ 3553(a); and,

(e)     to appeal the sentence imposed or the manner in which it was
determined.

## Sentence Determination

12.     Defendant is aware that the sentence will be imposed after

consideration of the U. S. Guidelines and Policy Statements, which are only

advisory, as well as the provisions of Title 18, U.S.C. § 3553(a). Defendant

nonetheless acknowledges and agrees that the Court has authority to impose any

sentence up to and including the statutory maximum set for the offense to which

defendant pleads guilty and that the sentence to be imposed is within the sole

discretion of the sentencing judge after the Court has consulted the applicable U.S.

Sentencing Guidelines.   Defendant understands and agrees the parties' positions

regarding the application of the U.S. Sentencing Guidelines do not bind the Court

and that the sentence imposed is within the discretion of the sentencing judge.   If

the Court should impose any sentence up to the maximum established by statute,

or should the Court order any or all of the sentences imposed to run consecutively,

defendant cannot, for that reason alone, withdraw a guilty plea, and will remain

bound to fulfill all of the obligations under this plea agreement.

## Rights at Trial

13.     Defendant represents to the Court that she is satisfied that her

attorney has rendered effective assistance.  Defendant understands that by entering

into this agreement, she surrenders certain rights as provided in this plea

agreement.  Defendant understands that the rights of a defendant include the

following:

(a) If defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel.  The trial may be conducted by a judge sitting without a jury if the defendant, the United States, and the court all agree.

(b) At a trial, the United States would be required to present witnesses and other evidence against the defendant.  Defendant would have the opportunity to confront those witnesses and her attorney would be allowed to cross-examine them.  In turn, the defendant could, but would not be required to, present witnesses and other evidence on her own behalf.  If the witnesses for defendant would not appear voluntarily, she could require their attendance through the subpoena power of the court.

(c) At a trial, defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify.  However, if the defendant desired to do so, she could testify on her own behalf.

## Factual Basis for Guilty Plea

14. Defendant is pleading guilty because she is guilty of the charges

contained in Count 11of the indictment.  If this case were to proceed to trial, the

United States could prove each element of the offense beyond a reasonable doubt.

The following facts, among others would be offered to establish the defendant's

guilt:

Deanna Ellen Dick had bank accounts at two banks and also had two accounts at a federal credit union in Houston, Texas. During 2002, Deanna Ellen Dick received into her various accounts approximately 75 electronic deposits of false income tax refunds resulting from the electronic filing of 75 false 2001 U.S. Individual Income Tax Returns. 61 of the 75 false income tax returns were in the names of people who were deceased. 14 of the 75 false income tax returns were in the names of individuals whose identities had been stolen, including 3 minors.

Deanna Ellen Dick knew that the 75 false 2001 U.S. Individual Income Tax Returns were false when filed and were being filed in order to generate false income tax refunds that were to be electronically deposited into her accounts. Deanna Ellen Dick knowingly filed or assisted in the filing of all of the 75 false U.S. Individual Income Tax Returns. The intended tax loss on the 75 false income tax returns was approximately $315,150. The United States was able to retrieve approximately $70,000 of the loss from Deanna Ellen Dick's accounts.

More specifically, Deanna Ellen Dick knew that the 2001 U.S. Individual Income Tax Return underlying Count 11 filed on behalf of an individual identified by the initials P.C. was false when it was filed. That false tax return claimed an income tax refund in the material amount of approximately $4,314.00. The false

return assigned the tax refund to a bank in California, which deducted handling charges of $22.95 before electronically transferring the remainder of the false tax refund, approximately $4,291.05, to Deanna Ellen Dick's bank account for deposit.  Deanna Ellen Dick had sole signatory authority on the bank account into which the false tax refund was deposited.  The deposits into this particular bank account were  primarily deposits from false income tax claims, and Deanna Ellen Dick knew that the deposits resulted from false claims against the United States. Deanna Ellen Dick wrote numerous checks from this account for personal living expenses.

The individual in whose name this false tax return was filed, identified in the indictment by the initials P.C., has been deceased since approximately November 12, 1978.  The certified death record on this individual obtained from the state of Pennsylvania contains the same social security number and name as appears on the false 2001 U.S. Individual Income Tax Return filed with the IRS. The false tax return was filed electronically from Houston, Texas, using a modem borrowed from someone else and was knowingly transmitted by Deanna Ellen Dick, either directly or assisting someone else.

## Breach of Plea Agreement

15.    If defendant should fail in any way to fulfill completely all of the

obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and the defendant's plea and sentence will stand. If at any time defendant retains, conceals, or if defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

16.     Whether the defendant has breached any provision of this plea agreement shall be determined solely by the United States through the United States Attorney's Office, whose judgment in that regard is final.

### Complete Agreement

17.     This written plea agreement, consisting of 14 pages, including the attached addendum of defendant and her attorney, constitutes the complete plea agreement between the United States, defendant and her counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against her and that she is pleading guilty freely and voluntarily because she is guilty.

18.     Any modification of this plea agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on  September 12 , 2006.


Deanna Ellen Dick


Subscribed and sworn to before me on this 12 day of September, 2006.

MICHAEL N. MILBY, Clerk
UNITED STATES DISTRICT CLERK


By:     _____
Deputy United States District Clerk


APPROVED:

DONALD J. DeGABRIELLE, Jr.
United States Attorney

By:  _____          _____

Charles J. Escher                        Michael Sandel
Assistant United States Attorney          Attorney for Defendant
Southern District of Texas
Telephone: (713) 567-9716
Facsimile: (713) 718-3304

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Cr. No. H-06-235 |
| | § | |
| DEANNA ELLEN DICK | § | |

## PLEA AGREEMENT - ADDENDUM

I have fully explained to defendant her rights with respect to the pending

indictment. I have reviewed the provisions of the United States Sentencing

Commission's <u>Guidelines Manual</u> and <u>Policy Statements</u>, and I have fully and

carefully explained to defendant the provisions of those guidelines which may

apply in this case. I have also explained to defendant that the U.S. Sentencing

Guidelines are only advisory and the court may sentence defendant up to the

maximum allowed by statute per count of conviction. Further, I have carefully

reviewed every part of this plea agreement with defendant. To my knowledge,

defendant's decision to enter into this agreement is an informed and voluntary one.

9-12-06

Michael Sandel,                                          Date
Attorney for Deanna Ellen Dick

I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me.   My attorney has fully explained and I  understand all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case.  I have read and carefully reviewed every part of this plea agreement with my attorney.  I understand this agreement and I voluntarily agree to its terms.


Deanna Ellen Dick                        9-12-06
Deanna Ellen Dick                        Date